**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4388

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANTRELL MARKEIS SMITH, a/k/a Big Baby,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:17-cr-00811-MGL-11)

Submitted:  November 15, 2022                    Decided:  December 7, 2022

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Andrew B. Farley, Lexington, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dantrell Markeis Smith pled guilty, pursuant to two plea agreements, to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 280 grams or more of cocaine base, and a quantity of heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C), 846; and to buying, possessing, training, transporting, and receiving animals in interstate commerce for the purpose of having the animals participate in an animal fighting venture and aiding and abetting the same, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 2, 49(a). The district court sentenced Smith to 151 months' imprisonment, the bottom of his Sentencing Guidelines range.

On appeal, Smith's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting Smith's pleas and whether Smith's sentence is reasonable. Smith was advised of his right to file a pro se supplemental brief, but he did not do so. After reviewing the record, we ordered supplemental briefing to address whether the district court plainly erred by failing to explain its reasons for sentencing Smith to 151 months' imprisonment. We affirm.

Because Smith did not move to withdraw his pleas, we review the Rule 11 hearings for plain error. *United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant]

2

must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014) (internal quotation marks omitted).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of—and determines that the defendant comprehends—the nature of the charges to which he is pleading guilty, the minimum and maximum penalties he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1). The court must also ensure that the plea was voluntary and not the result of threats, force, or promises outside of those in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a sufficient factual basis supports the plea, Fed. R. Crim. P. 11(b)(3). After reviewing the transcripts of Smith's guilty plea hearings, we conclude that the district court substantially complied with Rule 11 in accepting Smith's pleas.

We review a criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *United States v. Williams*, 5 F.4th 500, 505 (4th Cir.), *cert. denied*, 142 S. Ct. 625 (2021). "[W]e must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* (internal quotation marks omitted). "If the sentence is procedurally sound, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances." *United States v. McCain*, 974 F.3d 506, 515 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable." *United States v.*

3

*Devine*, 40 F.4th 139, 153 (4th Cir. 2022) (internal quotation marks omitted), *petition for cert. docketed*, No. 22-5979 (U.S. Nov. 2, 2022).

"A district court is required to provide an individualized assessment based on the facts before the court, and to explain adequately the sentence imposed to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Lewis*, 958 F.3d 240, 243 (4th Cir. 2020) (internal quotation marks omitted). A "district court's sentencing explanation need not be exhaustive or robotically tick through the § 3553(a) factors[.]   But the court's explanation must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir.) (cleaned up), *cert. denied*, 142 S. Ct. 724 (2021). "The explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted).

While "it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision," we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (internal quotation marks omitted). Nor may we "assume that the court has silently adopted arguments presented by a party." *United States v. Nance*, 957 F.3d 204, 214 (4th Cir. 2020) (internal quotation marks omitted). "[I]n a routine case, where the

4

district court imposes a within-Guidelines sentence, the explanation need not be elaborate or lengthy." *United States v. Arbaugh*, 951 F.3d 167, 174-75 (4th Cir. 2020) (internal quotation marks omitted). However, "in reviewing a district court's sentencing rationale, [we] cannot rely on the mere fact that the sentence falls within the Guidelines range." *Lewis*, 958 F.3d at 243. Ultimately, "[t]he adequacy of the sentencing court's explanation depends on the complexity of each case and the facts and arguments presented." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted).

This is not a complex case. Indeed, the parties agreed that a sentence at the bottom of the Guidelines range would be appropriate for Smith. Even so, our precedent is clear that the district court was required to provide some explanation for the sentence imposed. While the district court confirmed that it had considered the Guidelines range and the relevant § 3553(a) factors and announced its finding that the 151-month sentence is substantively reasonable, the court did not identify which § 3553(a) factors it thought supported the sentence based on its independent assessment of the offense conduct and Smith's history and characteristics. Similarly, while there is no reason to doubt that the district court listened to the parties' arguments and Smith's allocution and considered the presentence report and other relevant documents, the court did not explain which of the arguments or documents persuaded it to impose the 151-month sentence. Accordingly, we conclude that the district court plainly erred by failing to explain its reasons for imposing Smith's custodial sentence. *See United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2020) (holding that adequacy of district court's explanation is reviewed for plain error where, as

5

here, defendant "did not argue for a sentence different than the within-Guidelines sentence [he] ultimately received").

We conclude, however, that the district court's plain error did not affect Smith's substantial rights. Although Smith's counsel did not brief the issue as instructed, the Government correctly emphasizes that the district court imposed the bottom-of-the-Guidelines sentence Smith requested. Accordingly, Smith cannot demonstrate "that, absent the error, a different sentence might have been imposed," *United States v. Hernandez*, 603 F.3d 267, 273 (4th Cir. 2010); *see Lynn*, 592 F.3d at 580, and we conclude that his sentence is reasonable, *see United States v. Powell*, 650 F.3d 388, 395-96 & n.2 (4th Cir. 2011).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Smith, in writing, of the right to petition the Supreme Court of the United States for further review. If Smith requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smith.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*